IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| NICOLE PLEASANTON, | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No. GLR-24-01754 |
| OFFICER MARK PARKER, et al., | * | |
| Defendants. | * | |

\*\*\*

## MEMORANDUM OPINION

THIS MATTER is before the Court on Defendants Dorchester County Sheriff's Office and Dorchester County's (collectively, "Defendants") Motion to Dismiss (ECF No. 7). The Motions are ripe for disposition, and no hearing is necessary. See Local Rule 105.6 (D.Md. 2023). For the reasons set forth below, the Court will grant the Motion.

### I.    BACKGROUND

**A.    Factual Background**[1]

On June 19, 2021, Plaintiff Nicole Pleasanton alleges that she and a companion were driving near 5374 Aireys Road in Cambridge, Maryland. (Compl. at 4, ECF No. 1).[2] Pleasanton's companion attempted "to turn the vehicle around at this location" when the car became stuck in a yard. (Id.). The owner of the property subsequently called the police.

---

[1] Unless otherwise noted, the Court takes the following facts from the Complaint (ECF No. 1) and accepts them as true. See Erickson v. Pardus, 551 U.S. 89, 94 (2007).

[2] Citations to page numbers refer to the pagination assigned by the Court's Case Management/Electronic Case Files ("CM/ECF") system.

(Id. at 5). Five officers, including Deputy Mark Parker, arrived at the scene to investigate. (Id.). While interacting with the officers, Pleasanton began a conversation with Deputy Parker. (Id.). Their conversation soon escalated to the point where "there was yelling" and Pleasanton walked away to "create some space." (Id.). Pleasanton shortly reengaged with Deputy Parker and "exchanged words" with him. (Id.). It was during this second interaction that Deputy Parker "punched Plaintiff in the face causing severe injuries to her face and rendering her unconscious." (Id.). Pleasanton alleges that Deputy Parker exhibited evidence of a custom in the Dorchester County Sheriff's Office of "subjecting certain arrestees to more than the minimum force . . . necessary to accomplish his or her mission." (Id.). Pleasanton seeks compensatory and punitive damages for "pain and suffering, and emotional trauma." (Id. at 9).

**B.     Procedural History**

On June 17, 2024, Pleasanton filed a Complaint against Deputy Parker, Dorchester County, and the Dorchester County Sheriff's Office. (ECF No. 1). The four-count Complaint alleges violations of 42 U.S.C. § 1983 (Count I), battery (Count II), respondeat superior (Count III), and violations of Article 24 of the Maryland Declaration of Rights (Count IV). (Compl. at 6-12). Deputy Parker answered the Complaint on September 18, 2024. (ECF No. 5). On October 1, 2024, Defendants Dorchester County and the Dorchester County Sheriff's Office filed a Motion to Dismiss. (ECF No. 7). Pleasanton filed her Opposition on October 15, 2024. (ECF No. 8). On November 28, 2024, Defendants filed a Reply. (ECF No. 9).

## II.   DISCUSSION

### A.   Standard of Review

Defendants move to dismiss all counts in the Complaint. The purpose of a Rule 12(b)(6) motion is to "test[] the sufficiency of a complaint," not to "resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." King v. Rubenstein, 825 F.3d 206, 214 (4th Cir. 2016) (quoting Edwards v. City of Goldsboro, 178 F.3d 231, 243 (4th Cir. 1999)). A complaint fails to state a claim if it does not contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed.R.Civ.P. 8(a)(2), or does not "state a claim to relief that is plausible on its face," Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. Though the plaintiff is not required to forecast evidence to prove the elements of the claim, the complaint must allege sufficient facts to establish each element. Goss v. Bank of Am., N.A., 917 F.Supp.2d 445, 449 (D.Md. 2013) (quoting Walters v. McMahen, 684 F.3d 435, 439 (4th Cir. 2012)), aff'd, 546 F.App'x 165 (4th Cir. 2013).

In considering a Rule 12(b)(6) motion, a court must examine the complaint as a whole, accept the factual allegations in the complaint as true, and construe the factual allegations in the light most favorable to the plaintiff. See Albright v. Oliver, 510 U.S. 266, 268 (1994); Lambeth v. Bd. of Comm'rs of Davidson Cnty., 407 F.3d 266, 268 (4th Cir.

2005). But the court need not accept unsupported or conclusory factual allegations devoid of any reference to actual events, United Black Firefighters v. Hirst, 604 F.2d 844, 847 (4th Cir. 1979), or legal conclusions couched as factual allegations, Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 555).

**B.     Analysis**

    **1.     42 U.S.C. § 1983 (Count I)**

Pleasanton first alleges that Deputy Parker, acting under the color of state law and in his capacity as a Dorchester County Sheriff's Officer or otherwise as an agent of Dorchester County, violated Pleasanton's Fourth Amendment rights when responding to the incident. (Compl. at 6-7). Defendants argue that the Dorchester County Sheriff's Office and Dorchester County are not proper defendants in this lawsuit. (Defs.' Mem. Supp. Mot. Dismiss ["Mot."] at 3–4, ECF No. 7-1). The Court will first address arguments as to the Dorchester County Sheriff's Office and then as to Dorchester County.[3]

As a preliminary matter, Defendants contend that the Dorchester County Sherriff's Office is not an entity that is capable of being sued. (Mot. at 3). Instead of bringing a suit against the Dorchester County Sheriff's Office, Defendants contend that the proper defendant is the State itself because "under Maryland law the Sheriff and deputy sheriffs . . . are State employees." Boyer v. State, 594 A.2d 121, 128 (Md. 1991),

---

[3] The Court notes that the Dorchester County Sheriff's Office and Dorchester County raise substantial arguments as to why Deputy Parker should not be held liable in his official capacity. (Mot. at 3). As previously mentioned, Deputy Parker has separately answered the Complaint instead of moving to dismiss. Accordingly, any arguments solely as to Deputy Parker are premature at this stage of the litigation.

Defendants contend that the Dorchester County Sheriff's Office should not be considered a separate legal entity that can be subject to a suit, and the Court should dismiss the Dorchester County Sheriff's Office from the suit. (Mot. at 3-4). Pleasanton concedes that the Dorchester County Sheriff's Office is "not an independent entity capable of being sued." (Pl.'s Opp'n Defs.' Mem. Supp. Mot. Dismiss ["Opp'n"] at 2–4, ECF No. 8). Accordingly, the Dorchester County Sherriff's will be dismissed from this litigation.

Defendants next contend that Pleasanton's 42 U.S.C. § 1983 claim against Dorchester County should be dismissed because sheriff deputies are state employees and not county employees. (Mot. at 4). Pleasanton alleges that Dorchester County is liable under § 1983 for its custom or practice of using excessive force under Monell, even if Deputy Parker is ultimately classified as a state employee. (Opp'n at 3, Compl. ¶ 43). Defendants contend that, to the extent Pleasanton intends to state a Monell claim, it fails. (Mot. at 6). The Court finds that Pleasanton has failed to plead a Monell claim against Dorchester County for the reasons stated below.

Under 42 U.S.C. § 1983, a plaintiff may bring a claim against any person who, under color of state law, "subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws" of the United States. A person acts under color of state law "only when exercising power 'possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law.'" Polk Cnty. v. Dodson, 454 U.S. 312, 317-18 (1981) (quoting United States v. Classic, 313 U.S. 299, 326 (1941)). However, "because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that

5

each Government-official defendant, through the official's own individual actions, has violated the Constitution." Iqbal, 556 U.S. at 676. For municipalities like Dorchester County, liability under § 1983 attaches only when "the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers." Monell v. Dep't of Soc. Servs, 436 U.S. 658, 690 (1978).

There are three elements for Monell liability to attach. First, the plaintiff must plausibly allege a constitutional harm that stems from the acts of a municipal employee "taken in furtherance of some municipal 'policy or custom.'" Milligan v. City of Newport News, 743 F.2d 227, 229 (4th Cir. 1984) (quoting Monell, 463 U.S. at 694). Second, the plaintiff must allege facts showing that the policy's creation is fairly attributable to the local government. Spell v. McDaniel, 824 F.2d 1380, 1389 (4th Cir. 1987). Third, the plaintiff must allege an affirmative causal link between the "policy or custom," and the particular injury suffered by the plaintiff. Id.

In her Complaint, Pleasanton alleges that Deputy Parker at all relevant times was acting pursuant to Dorchester County custom in subjecting certain arrestees to more than the minimum force necessary. (Compl. at 5). To support this allegation, Pleasanton argues that this policy is evidenced by "the actions of [Deputy] Parker." (Id.). According to Defendants, "the Complaint contains nothing more than formulaic boilerplate statements." (Mot. at 7). In response, Pleasanton notes that identifying "specific policies or practices" is not required at the pleading stage. (Opp'n at 6).

The Court agrees with Defendants. Pleasanton has not provided any factual allegations to even suggest that Deputy Parker's behavior was linked to any official policy or custom endorsed by Dorchester County. Instead, Pleasanton has stated nothing more than a "mere conclusory statement" that Dorchester County follows a particular custom. Iqbal, 556 U.S. at 678. More specifically, there are no factual allegations in Pleasanton's complaint "which could plausibly support a Monell claim." Owens v. Baltimore City State's Att'ys Office, 767 F.3d 379, 403. Nowhere in the complaint does Pleasanton allege other similar incidents of excessive force by Dorchester County. See Williams v. Mayor, Baltimore City, No. WMN-14-1125, 2014 WL 5707563, at *3 (Nov. 4, 2014) (acknowledging that courts have dismissed Monell claims when plaintiffs have failed to plead facts of prior similar incidents). It is not factually sufficient for a pleading to state a policy is evident from a deputy's behavior in an isolated incident. See Lytle v. Doyle, 326 F.3d 463, 473 ("It is well settled that 'isolated incidents' of unconstitutional conduct by subordinate employees are not sufficient to stablish a custom or practice for §1983 purposes.") (quoting Carter v. Morris, 164 F.3d 215, 220 (4th Cir. 1999)).

Courts in this jurisdiction, however, have recognized that at the motion to dismiss stage, "[i]n the context of Monell liability, it will often be the case that a plaintiff lacks specific details regarding the . . . internal policies . . . before discovery." Green v. Obsu, No. 19-2068, 2021 WL 165135, at *15 (D.Md. Jan. 19, 2021). As a result, the Court will dismiss Count I as to Dorchester County without prejudice and will grant Pleasanton leave to amend to cure the deficiencies identified above.

7

### 2. Battery (Count II)

Pleasanton asserts a battery claim only against Deputy Parker (Compl. ¶¶ 47–52), who thus far has not moved to dismiss. Accordingly, the Court need not reach the merits of this claim at this stage of the litigation.

### 3. Respondeat Superior (Count III)

The Court will also dismiss Pleasanton's standalone respondeat superior claim (Count III) for failure to state a cause of action. As Defendants correctly note, respondeat superior is not a separate and independent cause of action under Maryland law. (Mot. at 8). Respondeat superior is a legal doctrine that imputes liability onto a principal for a cause of action attributable to its agent. See Stewart v. Bierman, 859 F.Supp.2d 754, 768 n.8 (D.Md. 2012). Therefore, Count III will be dismissed.

### 4. Article 24 of the Maryland Declaration of Rights (Count IV)

Lastly, Pleasanton alleges that Defendants violated her "civil rights and due process rights as set forth in the Maryland State Constitution and the Declaration of Rights, including Article 24." (Compl. at 10). Defendants argue that Count IV should be dismissed because Deputy Parker "is a State employee and there can be no respondeat superior liability as to the County under the Article 24 claim." (Mot. at 9). While the factual circumstances surrounding Deputy Parker's employer are in dispute, the Court will dismiss Count IV without prejudice because Pleasanton's state constitutional claim of excessive force arises under Article 26 of the Maryland Declaration of Rights and not Article 24. See Harried v. Maryland, No. CV TDC-24-1190, 2024 WL 4817107, at *7 (D.Md. Nov. 18, 2024).

8

Excessive force claims typically "arise[] in the context of an arrest or investigatory stop of a free citizen" which "invok[es] the protections of the Fourth Amendment." Graham v. Connor, 490 U.S. 386, 394 (1989). And in Gadson v. State, the Supreme Court of Maryland acknowledged that Article 26 of the Maryland Declaration of Rights is construed in pari materia with the Fourth Amendment. 668 A.2d 22, 26 n.3 (Md. 1995). Here, the facts alleged by Pleasanton show that Deputy Parker stopped Pleasanton but did not arrest her. (Compl. at 4-5). Because the facts point to Pleasanton's excessive force claim arising from an investigatory stop, the Fourth Amendment is invoked. (Id.). This claim of excessive force under the Maryland Constitution must then arise under its Fourth Amendment counterpart, Article 26, rather than Article 24,[4] which concerns due process, because the alleged act occurred during a pre-arrest stop. (Id.). As a result, because the excessive force claim was incorrectly pled under Article 24, Count IV will be dismissed without prejudice and with leave to give Pleasanton an opportunity to amend the Complaint.

---

[4] Article 24 of the Maryland Declaration of Rights is entitled "Due Process" and states "[t]hat no man ought to be taken or imprisoned or disseized of his freehold, liberties or privileges, or outlawed, or exiled, or, in any manner, destroyed, or deprived of his life, liberty or property, but by the judgment of his peers, or by the Law of the land." Md. Const., Decl. of Rts., art. 24. In Koshko v. Haining, the Supreme Court of Maryland recognized that Article 24 of the Maryland Declaration of Rights is "the Maryland due process analog" and that "[o]ur precedent states clearly that the Maryland and Federal due process provision have been read in pari materia." 921 A.2d 171, 194 n.22 (Md. 2007). This statute generally applies to instances where the government attempts to take away an individual's rights or property and therefore is inapplicable to the case at bar.

### III.     CONCLUSION

For the foregoing reasons, the Court will grant the Motion to Dismiss. (ECF No. 7).

A separate Order follows.

Entered this 10th day of April, 2025.

/s/
George L. Russell, III
Chief United States District Judge